**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**$10,694.00 U.S. CURRENCY,
Defendant-Appellee.**

**No. 86-1735.**

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1987.

Decided Sept. 8, 1987.

Richard Lee Robertson, Asst. U.S. Atty. (Robert H. Edmunds, Jr., U.S. Atty., Greensboro, N.C., N/A Becky M. Strickland, CLA, Paralegal Specialist, on brief), for appellant.

George Nicholas Herman (Steven A. Bernholz, Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave, Chapel Hill, N.C., on brief), for appellee.

Before HALL and WILKINSON, Circuit Judges, and VAN GRAAFEILAND, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

K.K. HALL, Circuit Judge:

The government appeals from the district court's bench decision denying govern-

ment forfeiture of $10,694 in attorney fees. Forfeiture was sought pursuant to the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 881(a)(6). We affirm.

On April 17, 1984, police officers entered the apartment of George Terry, in Carrboro, North Carolina, responding to a complaint of a shooting. The police found another man lying dead on the floor and arrested Terry on the scene. After Terry was taken to jail under suspicion of first degree murder, he contacted Steven A. Bernholz, an attorney. Bernholz came to the police station, agreed to represent Terry, and discussed his fee retainer. Terry told Bernholz he had about $12,000 in cash in his apartment which could be used as a retainer for legal services and gave the attorney permission to take the money from the apartment.

Later that day, Bernholz was denied entry to Terry's apartment because the police had secured a search warrant. The search was conducted that evening and revealed drugs, drug paraphernalia, a customer list and approximately $12,000 in cash. The next day, Bernholz was informed that drugs were found in the search. He subsequently obtained a written statement from Terry indicating that he had assigned the funds to Bernholz.

After some discussion with the assistant district attorney and the Carrboro Police Chief, Bernholz went to the police station on April 19, 1984, to gain possession of the money. Moments before his arrival at the station, $10,693.34 of the cash was confiscated by the Drug Enforcement Agency as proceeds of drug trafficking. The remaining $1,460 had been taken into custody by the North Carolina Department of Revenue.

Bernholz represented Terry on the first degree murder charge until it was dismissed.[1] On May 24, 1984, the government filed a complaint in the district court for civil forfeiture in rem of the $10,694 pursuant to 21 U.S.C. § 881. On June 5, 1984, Bernholz filed a claim for that money. Sitting without a jury, the court found that Terry had assigned the funds to Bernholz and that the assignment took place prior to the search revealing drugs. The court held that forfeiture was not proper because at the time of assignment, Bernholz had no actual knowledge that the money was derived from drug proceeds.

On appeal, the government contends that the district court erred in applying an actual knowledge standard in determining whether the fee retainer should be forfeited. It argues that the proper inquiry should focus upon whether the attorney knew or should have known that the money was derived from drug proceeds. Furthermore, it contends that the district court's finding that the assignment occurred on April 17, 1984, was clearly erroneous.

Assuming that the government has preserved for appeal the issue of whether the district court erred in applying an actual knowledge standard in determining whether the fee retainer should be forfeited,[2] we find no merit in it. The "innocent owner" provision, 21 U.S.C. § 881(a)(6), applies in cases of civil forfeiture. It provides that:

> ... no property shall be forfeited ... to the extent of the interest of an owner, by reason of any act of omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

■ There is nothing in the plain language of § 881(a)(6) requiring courts to look to the objective rather than subjective knowledge of the owner when determining whether forfeiture is proper. Moreover, in the only decision which has addressed this issue, the Eleventh Circuit construed the knowledge standard in § 881(a)(6) to be subjective. *United States v. $4,255,000, et al.*, 762 F.2d 895 (11th Cir.1985). We are

---

1. Terry was ultimately charged with drug offenses and has become a fugitive.

2. There is a strong suggestion that the issue has been waived. The government concedes that although it contested the application of an actual knowledge standard prior to trial, it did not attack it during trial. Instead, as the government admitted before this Court at oral argument, it "emphasized other matters."

persuaded by the Eleventh Circuit's analysis and likewise conclude that § 881(a)(6) envisions an actual knowledge inquiry. Therefore, we find no error in the district court's decision to apply a subjective standard.[3] In addition, we adopt the Eleventh Circuit's holding that under § 881(a)(6), "the government need not prove, and the district court need not find, that the claimant *had* actual knowledge. Rather, it is the claimant's responsibility to prove the *absence* of actual knowledge." 762 F.2d at 907.

■ We also disagree with the government's contention that the district court was clearly erroneous in finding that the assignment occurred on April 17, 1984, rather than when the assignment was put into writing the following day. The government fails to specify why the court's finding that assignment occurred on April 17 is clearly erroneous. Because the finding is supported by Bernholz' testimony as well as Terry's deposition, we reject the government's allegation.

For the foregoing reasons, we accordingly affirm.[4]

AFFIRMED.

---

**3.** The appellee urges this Court to hold that the proper standard does not turn on the owner's objective or subjective knowledge of the origin of the property, but rather, whether the property transfer to the new owner is a sham. In *United States v. Harvey,* 814 F.2d 905 (4th Cir. 1987), we held that amendments to the criminal forfeiture statutes which adopted an objective standard violate the accused's sixth amendment right to counsel and that criminal forfeiture is proper only where the transfer is a sham. We see no reason to extend the *Harvey* ruling to civil forfeiture. The plain language of § 881(a)(6), unlike that of the amendments to the criminal forfeiture statutes, does not impose an objective standard.

**4.** Pursuant to Rule 38 of the FRAP and 28 U.S.C. §§ 1912, 1927, claimant-appellee also moved this Court for an award of just damages, counsel fees, and double costs against plaintiff-appellant. We find such an award inappropriate in this case and, therefore, deny claimant's motion.