UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL ESTATE CON-
SISTING OF APPROXIMATELY 4,657
ACRES, LOCATED IN MARTIN
COUNTY, FLORIDA, together with all
appurtenances thereto and all improve-
ments thereon, a/k/a the "Tucker
Ranch", Defendant.

No. 88–14167–CIV.

United States District Court,
S.D. Florida.

Aug. 18, 1989.

Lynn M. Summers, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Gerald J. Houlihan, C. Alan Lawson, Steel, Hector & Davis, Miami, Fla., Robert T. Scott, Gunster, Yoakley & Stewart, P.A., Edward A. Marod, Edward A. Marod, P.A., West Palm Beach, Fla., John D. Cassels, Jr., Okeechobee, Fla., Richard M. Carnell, Neill, Griffin, Jeffries & Lloyd, Fort Pierce, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

EDWARD B. DAVIS, District Judge.

THIS MATTER was tried before this Court without a jury on April 17–19, 1989. At the trial, this Court heard the testimony of the witnesses, viewed their demeanor, and considered their bias, prejudice, and interest. This Court further considered all evidence submitted and accepted, and heard the arguments of counsel. Finally, on April 19, this Court ordered both parties to submit, within one week, post-trial memorandums of law. While Claimant timely filed such memorandum, Plaintiff has still, four months later, not complied with this Court's Order. Based upon the foregoing, this Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On March 17, 1987, G.H. Tucker, Inc. transferred the Defendant property to G.H. Tucker Company, the Claimant in the instant case. The property was conveyed pursuant to a plan of liquidation under § 333 of the Internal Revenue Code, and was a transaction motivated solely by tax considerations. As part of the transfer, G.H. Tucker, Inc. voluntarily dissolved, and the stockholders of G.H. Tucker, Inc. became the partners of G.H. Tucker Company. As partners, these individuals became bound to pay: (1) a mortgage on the land; (2) all real estate taxes on the land; and (3) approximately $250,000 as an incident of the acquisition of the land.

Before its dissolution, G.H. Tucker, Inc. was controlled by its Board of Directors. On the date relevant to this case, those directors included the First Union National Bank of Florida ("First Union"); Kathryn I. Sanders; Janet Tucker; George H. Tucker, III; and John G. Tucker. The stock in the corporation was owned in following proportions.

| | |
|---|---|
| Estate of Ruby I. Tucker | 46.53% |
| Estate of George H. Tucker, Jr. | 52.54% |
| John G. Tucker | .31% |
| George H. Tucker, III | .31% |
| Kathryn I. Sanders | .31% |

The shares owned by the Estate of Ruby I. Tucker were controlled by First Union in its representative capacity as personal representative of the Estate. The shares owned by the Estate of George H. Tucker, Jr. were controlled by Kathryn I. Sanders and Janet Tucker in their capacity as co-personal representatives of the Estate. Therefore, First Union, Kathryn I. Sanders, and Janet Tucker, in their capacity as the controlling Board of Directors and the majority shareholders, controlled the activities of G.H. Tucker, Inc.

The managing partner of G.H. Tucker Company at the time of transfer was First Union, acting in its representative capacity as personal representative of the Estate of Ruby I. Tucker and as Trustee of the Trusts established under the Last Wills and Testaments of George H. Tucker, Jr. and Ruby I. Tucker, deceased. As the managing partner, First Union had control of the day to day affairs of G.H. Tucker Company, and, subject only to the approval of Kathryn I. Sanders and Janet Tucker, had complete control over all actions taken by that entity.

On the night of June 25, 1986, an aircraft carrying approximately three hundred and eighty-eight (388) kilograms of cocaine landed on a strip of land within the boundaries of the Defendant property. According to the uncontroverted evidence at trial, neither First Union, Kathryn I. Sanders nor Janet Tucker had any knowledge of the aircraft landing, and certainly never consented to the landing. The evidence merely showed that John G. Tucker, a .31% shareholder and agent of the company, participated in the crime, and that John Tucker had voluntarily entered and been released from an institution for drug or alcohol use approximately seven to ten months earlier. Both Kathryn I. Sanders and Janet Tucker had been told that John G. Tucker was cured of his problem, and neither had any reason to believe otherwise since John Tucker's demeanor, prior to the aircraft landing, suggested that he was not using drugs or alcohol. Moreover, First Union was totally unaware that John Tucker had ever entered an institution for drug or alcohol use.

On September 13, 1988, twenty-seven (27) months after the illegal incident, the Government filed the instant action seeking forfeiture in rem. In its complaint, the Government alleges that the Defendant property was used to facilitate a transaction in violation of 21 U.S.C.A. § 881(a)(7) (West 1981 & Supp.1989).[1] Claimant G.H. Tucker Company asserts the "innocent owner" doctrine as a defense.

## CONCLUSIONS OF LAW

### INNOCENT OWNER DEFENSE

A forfeiture proceeding is an *in rem* action brought against seized property pursuant to the fiction that the property itself is guilty of facilitating a crime.[2] To initiate a forfeiture action, the government bears the initial burden of proof to show probable cause for the institution of the suit.[3] Probable cause is defined as a reasonable ground for belief of guilt supported by less than prima facie proof but more than mere suspicion.[4] In proving its case of probable cause, the government is

1. At trial, the Government amended its original complaint to include the entire tract of land (approximately 4,657 acres) known collectively as "Tucker Ranch."

2. *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 2090–92, 40 L.Ed.2d 452 (1974); *United States v. One (1) 1983, Fifty–Seven Foot (57') Gulfstream*, 640 F.Supp. 667, 672 (S.D.Fla.1986); *United States v. One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. 290, 294 (S.D.Fla.1985). Property is used to "facilitate" an illegal activity if it "makes easy or less difficult" the activity. *United States v. One 1980 Bertram 58' Motor Yacht*, 876 F.2d 884, n. 3 (11th Cir.1989); *United States v. One 1971 Chevrolet Corvette*, 496 F.2d 210, 212 (5th Cir.1974).

3. *United States v. One 1980 Bertram 58' Motor Yacht*, 876 F.2d 884 (11th Cir.1989); *United States v. One 1971 Chevrolet Corvette Automobile*, 496 F.2d 210, 212 (5th Cir.1974); *One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. at 295.

In most instances, the government must show by a probable cause that the property was used, or intended to be used, to facilitate the transportation, sale, receipt, possession, or concealment of contraband. Property is "intended to be used" for an illegal activity when a person contemplates using the property in the future, and that person actually takes some "minimum initial step" to use the property. It is the state of mind of the criminal with respect to the property which is determinative, not whether the property is actually used to execute the criminal intentions, or whether it is even possible to consummate those intentions. *United States v. One 1980 Bertram 58' Motor Yacht*, 876 F.2d 884 (11th Cir.1989).

4. *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980); *United States v. One Single Family Residence*, 699 F.Supp. 1531, 1534 (S.D.Fla.1988); *One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. at 295.

permitted to use hearsay evidence.[5] Once the government establishes probable cause, the burden of proof shifts to a claimant having standing [6] to prove a defense to the forfeiture. The claimant must prove the defense by a preponderance of the evidence.[7]

In the instant case, Claimant relies on 21 U.S.C.A. § 881(a)(7) (West 1981 & Supp. 1989) as its defense. This statute provides:

no property shall be forfeited ... to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the *knowledge or consent* of that owner. (emphasis added).

This defense is known as the "innocent owner" defense, and the burden of proving this defense is upon the claimant. To succeed on this defense, the claimant must prove that he did not know of, nor consent to, the illegal activity.[8] It has also been held by some courts that the claimant must further prove that he did all that reasonably could be expected to prevent the proscribed use of his property.[9]

■ In the instant case, this Court ruled at the end of the Government's case that the Government had sustained its burden of showing probable cause to believe that the Defendant property was used to facilitate a transaction under 21 U.S.C.A. § 881(a)(7) (West 1981 & Supp.1989). Thus, the burden shifted to the claimant. As stated above, the uncontroverted evidence at trial was that neither First Union, Kathryn I. Sanders nor Janet Tucker (the controlling Board of Directors and majority shareholders of G.H. Tucker, Inc.) had any knowledge of the aircraft landing on the property, and certainly never consented to the landing. The evidence merely showed that John G. Tucker, a .31% shareholder and agent of the company, participated in the crime. Thus, the only question as to G.H. Tucker, Inc.'s innocent ownership is whether John G. Tucker's criminal intent can be imputed to the Company, and possibly whether G.H. Tucker, Inc. did everything reasonably possible to prevent the property from being used to facilitate the crime.

## IMPUTING CRIMINAL INTENT

Federal law holds that knowledge or consent to an illegal act may be imputed to a partnership or a corporation only when the knowledge was obtained or the consent given by an agent acting within the scope of his employment and for the benefit of the

5. *United States v. 1964 Beechcraft Baron Aircraft*, 691 F.2d 725, 728 (5th Cir.1982); *One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. at 295.

6. To contest a forfeiture action, an individual must first demonstrate an interest in the seized property sufficient to satisfy the court of its standing as a claimant. *United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars*, 661 F.2d 319, 326 (5th Cir.1981); *United States v. One (1) 1983, Fifty–Seven Foot (57') Gulfstream*, 640 F.Supp. 667, 672 (S.D.Fla. 1986); *One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. at 294. If the claimant lacks standing, there can be no challenge to the forfeiture action. The burden of establishing standing is on the claimant. *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437 (11th Cir. 1984); *One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. at 294. The possession of bare legal title may be insufficient to establish ownership. *E.g., United States v. One 1945 Douglas C–54 (DC–4) Aircraft, etc.*, 604 F.2d 27 (8th Cir.1979); *One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. at 294.

7. *United States v. One 1980 Bertram 58' Motor Yacht*, 876 F.2d 884 (11th Cir.1989); *United*

*States v. One 1975 Ford F–100 Pick-up Truck*, 558 F.2d 755, 756 (5th Cir.1977); *United States v. One Single Family Residence*, 699 F.Supp. 1531, 1534 (S.D.Fla.1988); *United States v. One (1) 1983, Fifty–Seven Foot (57') Gulfstream*, 640 F.Supp. 667, 672 (S.D.Fla.1986); *One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. at 295.

8. *United States v. Four Million, Two Hundred Fifty–Five Thousand*, 762 F.2d 895, 906–07 (11th Cir.1985).

9. *See United States v. One Single Family Residence*, 699 F.Supp. 1531, 1534 (S.D.Fla.1988) (Aronovitz, District Judge); *United States v. One (1) 1983, Fifty–Seven Foot (57') Gulfstream*, 640 F.Supp. 667, 672 (S.D.Fla.1986) (Spellman, District Judge); *United States v. One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. 290, 296 (S.D.Fla.1985) (Scott, District Judge). *See also Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 2094, 40 L.Ed.2d 452 (1974). *But see United States v. Lots*, 869 F.2d 942, 946–47 (6th Cir.1989); *United States v. Certain Real Property*, 710 F.Supp. 46, 48–50 (E.D. N.Y.1989).

partnership or corporation.[10] In the instant case, although it is arguable that John G. Tucker, Jr. was acting within the scope of his employment when he allowed the plane to land on the Defendant property, it is undisputed that John G. Tucker, Jr. was not acting to benefit G.H. Tucker, Inc. when he permitted illegal activity to take place on the business property, since G.H. Tucker, Inc. had nothing to gain by the narcotics transaction. Therefore, this Court finds that John G. Tucker's knowledge and consent to the illegal activity cannot be imputed to G.H. Tucker, Inc.

## REASONABLE STANDARD DEFENSE

As noted above, some courts have held that a claimant must not only prove that he lacked knowledge of the illegal activity, but also, that he did everything reasonably possible to prevent the illegal activity.[11] These courts typically cite to the Supreme Court case *Calero–Toledo v. Pearson Yacht Co.*, 416 U.S. 663, 689, 94 S.Ct. 2080, 2084–85, 40 L.Ed.2d 452 (1974) to support their holding. This case is inapplicable, however, when the "innocent owner" defense is being claimed under 21 U.S.C.A. § 881(a)(7) (West 1981 & Supp.1989).[12] *Calero–Toledo* dealt with constitutional defenses to a forfeiture statute which did not incorporate the express "knowledge or consent" defense contained in § 881(a)(7). Instead, the statute in *Calero–Toledo* merely provided that aircraft, vehicles or vessels used or intended for use to facilitate the transportation, sale, receipt, possession or concealment of narcotics could be forfeited to the government.[13] The only exception to this statute was when the owner did everything "reasonably possible" to prevent the use of the property in the illegal manner.[14]

If the legislature intended to incorporate the "reasonable standard" defense of *Calero–Toledo* into § 881(a)(7), they could have done it considering § 881(a)(7) was enacted ten years after the *Calero–Toledo* decision. As the Eleventh Circuit stated in *U.S. v. Four Million, Two Hundred Fifty–Five Thousand*, 762 F.2d 895, 906 n. 24 (11th Cir.1985), "[b]ecause *Calero–Toledo* did not involve the statutory 'innocent ownership' defense contained in 21 U.S.C. § 881(a)(6), we question the government's invocation of the *Colero–Toledo* dicta in this case." Furthermore, in 21 U.S.C.A. § 881(a)(4)(C) (West 1981 & Supp.1989), which was enacted during the same time as § 881(a)(7), the legislature did explicitly provide for the "reasonable standard" defense in cases involving the forfeiture of vessels, aircraft and vehicles, as opposed to real property which is covered under § 881(a)(7).[15] Thus, a claimant can succeed on the "innocent owner" defense under § 881(a)(7) by merely proving that he lacked knowledge of the illegal activity and that he did not consent to the activity. If this were not true, then the interpretation of the statute would be inconsistent with the policy behind the forfeiture statutes. Forfeitures are disfavored in the law.[16] They are "intended to

10. *See Grand Union Co. v. United States*, 696 F.2d 888, 891 (11th Cir.1983); *United States v. Hangar One, Inc.*, 563 F.2d 1155, 1158 (5th Cir. 1977) (In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding all decisions of the former Fifth Circuit handed down at the close of business on September 30, 1981.); *United States v. Ridglea State Bank*, 357 F.2d 495, 498 (5th Cir. 1966).

11. When applying the "reasonable standard" test, the court may consider "the fact that Miami has become a known center for drug-smuggling and money-laundering." *Id.* at n. 4; *United States v. Four Million Two–Hundred and Fifty–Five Thousand Dollars*, 762 F.2d 895, 904 (11th Cir.1985).

12. *See United States v. Lots*, 869 F.2d 942, 946–47 (6th Cir.1989); *United States v. Certain Real Property*, 710 F.Supp. 46, 48–50 (E.D.N.Y.1989). *See also United States v. Four Million, Two Hundred Fifty–Five Thousand*, 762 F.2d 895, 906 n. 24 (11th Cir.1985).

13. *Calero–Toledo*, 94 S.Ct. at 2083.

14. *Id.* at 2094–95.

15. Under § 881(a)(4)(C), an individual cannot succeed on the "innocent owner" defense, unless the individual can show that he did not act with "willful blindness" to the commission of the illegal activity. *United States v. One 1980 Bertram 58' Motor Yacht*, 876 F.2d 884 (11th Cir. 1989).

16. *United States v. One 1980 Bertram 58' Motor Yacht*, 876 F.2d 884 (11th Cir.1989) (Vance, J. dissenting) (citing *United States v. One 1936*

impose a penalty only upon those who are significantly involved in a criminal enterprise." [17]

■ However, even if the Court were to ignore the clear language of § 881(a)(7), this Court would find that First Union, Kathryn I. Sanders and Janet Tucker did everything reasonable to prevent the plane from landing on the property. When John G. Tucker was placed in charge of overseeing the Defendant property, neither First Union, Ms. Sanders nor Ms. Tucker were aware that John G. Tucker was presently using drugs, much less importing it. Although Ms. Sanders and Ms. Tucker knew that John G. Tucker had voluntarily entered an institution for drugs or alcohol use approximately seven to ten months prior to the aircraft landing, they had been told that John Tucker no longer used drugs or alcohol. Moreover, on the times that First Union, Ms. Sanders and Ms. Tucker visited the property (which was at least once a month), there was no indication, either from John G. Tucker's personal appearance or from the appearance of the land itself, that John G. Tucker was using or importing drugs, or that the land was being used to import drugs. This Court is unwilling to rule that the board of directors or the majority shareholders of a business must personally and continuously walk a forty-six hundred acre parcel of land to assure themselves that no illegal activity is taking place, when those individuals have no prior knowledge that illegal activities have taken place. This Court is similarly unwilling to rule that the board of directors or majority shareholders of a business must meet with an employee more than once a month to determine whether he is using drugs, when all indications suggest that the employee has overcome any problem he might have had in the past. If this were not the case, then a business would virtually be prevented from ever hiring an individual who admits that he at one time had a problem with drugs or alcohol.

Based on the foregoing, it is clear that G.H. Tucker, Inc. was an innocent owner within the meaning of § 881(a)(7) at the time it transferred the Defendant property to G.H. Tucker Company. Therefore, G.H. Tucker, Inc. transferred the land free and clear of a Governmental interest; and consequently, G.H. Tucker Company's interest in the property is free from forfeiture.

Therefore, it is hereby

ORDERED AND ADJUDGED that this Court finds that Claimant G.H. Tucker Company has sustained its burden of proving "innocent ownership," and thus the Defendant property is not subject to forfeiture for the illegal activity which occurred on the property on June 25, 1986. Claimant has ten (10) days from the date of this Order in which to submit a proposed Final Judgment.

DONE AND ORDERED.

*Model Ford V–8 De Luxe Coach,* 307 U.S. 219, 226, 59 S.Ct. 861, 864, 83 L.Ed. 1249 (1939).

**17.** *United States v. One 1980 Bertram 58' Motor Yacht,* 876 F.2d 884 (11th Cir.1989) (Vance, J.

dissenting) (*citing United States v. United States Coin & Currency,* 401 U.S. 715, 721–22, 91 S.Ct. 1041, 1044–45, 28 L.Ed.2d 434 (1971).