**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF PROPERTY LOCATED AT RT. 1, BOX 137, RANDOLPH, CHILTON COUNTY, ALABAMA, etc., Defendant.**

Civ. A. No. 89–T–1071–N.

United States District Court,
M.D. Alabama, N.D.

March 12, 1990.

James Eldon Wilson, U.S. Atty., John T. Harmon, Asst. U.S. Atty., Montgomery, Ala., for U.S.

Eason Mitchell, Alabaster, Ala., for Horace & Dorothy Taylor.

John B. Scott, Jr., James H. McLemore, Montgomery, Ala., for Farm Credit Bank of Texas.

William D. Latham, Clanton, Ala., for Cecil & Billie Taylor.

## ORDER

MYRON H. THOMPSON, District Judge.

The United States brought this action under a provision of the Controlled Substances Act, 21 U.S.C.A. § 881(a)(7), seeking forfeiture of a piece of property on which law enforcement agents found marijuana plants growing. Horace E. and Dorothy A. Taylor, the owners of the property, and Farm Credit Bank of Texas, which holds a mortgage on the property, have filed claims to the property. This cause is now before the court on two motions for summary judgment: a motion for partial summary judgment filed by the government as to the claim filed by the Taylors; and a motion for summary judgment filed by Farm Credit as to its claim. For the reasons discussed below, the government's motion is due to be denied and Farm Credit's granted.

## I. BACKGROUND

On August 31, 1989, a helicopter pilot on a marijuana eradication flight for the Alabama Department of Public Safety observed what he believed to be marijuana plants growing on the Taylors' property in rural Chilton County. A search warrant was obtained, and, while executing that warrant, sheriff's deputies found 49 marijuana plants growing in the Taylors' fields. One deputy spotted a few of the plants from the back of the Taylors' mobile home after the pilot told him where to look; several other deputies were able to see the marijuana when it was pointed out to them.[1] A small amount of marijuana was also found drying behind a partition in one of the sheds on the property.

Shawn Williams, the Taylors' nephew who was living with them at the time, has admitted that he grew the marijuana without the consent of the Taylors and that he attempted to conceal the marijuana from them.[2] The Taylors assert that they did not know that any marijuana was growing on their property. They had not walked around and checked the property at any time prior to the search.[3] Neither had they ever seen a marijuana plant except on television.

The government now seeks forfeiture of the Taylors' property under a provision of the Controlled Substances Act, 21 U.S.C.A. § 881(a)(7), alleging that the property was used to commit a violation of the Act.[4] The Taylors and the Farm Credit of Bank of Texas, the bank which holds a mortgage on their property, have filed claims asserting the "innocent owner" defense provided by § 881(a)(7).

## II. GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

As stated, the government contends that it is entitled to summary judgment in its favor on the Taylors' claim. Rule 56(c) provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Before the court can determine whether there are any factual disputes, it must first determine what the law is.

### A.

▬ A forfeiture proceeding under § 881(a)(7) is an *in rem* action brought against seized property pursuant to the legal fiction that the property itself is guilty of facilitating a crime. *United States v. Certain Real Property*, 724 F.Supp. 908, 913 (S.D.Fla.1989). To contest a forfeiture action, a claimant must demonstrate an interest in the seized property sufficient to establish standing. In this case, the government does not contest the standing of either the Taylors, who are the undisputed owners and residents of the property, or Farm Credit, which holds a valid mortgage on the property.[5]

---

**1.** Three deputies estimated the distance between the back of the mobile home and the visible marijuana plants as follows: 30 or 40 yards (Deposition of Fred L. Mayfield, at 11); 200 feet (Deposition of Billy F. Fulmer, at 32); and 75 to 100 yards (Deposition of James Henderson, at 28).

**2.** Affidavit of Shawn Williams.

**3.** The record currently before the court does not disclose the size of the Taylors' property.

**4.** Section 881(a)(7) provides:
The following shall be subject to forfeiture to the United States and no property right shall exist in them:

     \*    \*    \*    \*    \*    \*

(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

**5.** *See United States v. Real Property on Lake Forrest Circle*, 870 F.2d 586, 591–92 & n. 12 (11th Cir.1989) (suggesting that lienholders and mortgagees are proper if not necessary parties to an *in rem* forfeiture action); *In re Metmor Financial, Inc.*, 819 F.2d 446, 448 & n. 2 (4th Cir. 1987) ("innocent mortgage holders" may claim exemption of their interests from forfeitures under § 881(a)(6)).

The initial burden in a forfeiture action, after standing is resolved, requires the government to show probable cause that the property was used, or intended to be used, for certain drug offenses in violation of the Controlled Substances Act. Probable cause is defined as "a reasonable ground for belief in guilt" and requires more than a showing of reasonable suspicion but less than a prima facie case. *United States v. Property Known as 6109 Grubb Road*, 886 F.2d 618, 621 (3d Cir. 1989); *Certain Real Property*, 724 F.Supp. at 913; *see also United States v. Real Property on Lake Forrest Circle*, 870 F.2d 586, 590 n. 10 (11th Cir.1989) (same burden in forfeiture action under § 881(a)(7)'s companion provision, § 881(a)(6)). The government has shown, and none of the claimants has contested, that sheriff's deputies found and confiscated 49 marijuana plants that had been growing on the Taylors' property. This is sufficient to meet the government's burden.

Once the government has established probable cause, the burden shifts to the claimants to establish the "innocent owner" defense by a preponderance of the evidence. *Property Known as 6109 Grubb Road*, 886 F.2d at 623; *Certain Real Property*, 724 F.Supp. at 913.[6] Section 881(a)(7) provides this procedure for owners on whose property the illegal act was committed without their "knowledge or consent."

The parties disagree as to what must be shown to establish this defense. The Taylors contend that they need only show that the illegal acts were committed without their actual knowledge.[7] The government contends that, even if the Taylors did not actually know about the marijuana, they "should have known about the illegal use" of their property, and they "did not take reasonable steps to prevent illegal activity."[8]

In support of its theory, the government cites a recent case from the Southern District of Florida, *United States v. One Single Family Residence Located at 2901 S.W. 118th Court*, 683 F.Supp. 783 (S.D. Fla.1988).[9] There, the district court found that the identical "innocent owner" exceptions contained in § 881(a)(7) and a companion provision, § 881(a)(6), should be interpreted to require a claimant to demonstrate both a lack of actual knowledge and "that it did everything reasonably possible" to prevent illegal use of the property.[10] The court found that the claimant had failed to demonstrate a lack of actual knowledge. This court finds the reasoning of the Florida court unpersuasive.

The Eleventh Circuit case on which the Florida court rested, *United States v. One 1982 28' International Vessel*, 741 F.2d 1319 (11th Cir.1984) (per curiam), involved a forfeiture action under 49 U.S.C.A. § 782, which does not contain an explicit defense to forfeiture for an "innocent owner" like that found in § 881(a)(7). The Eleventh Circuit, therefore, explicated a non-statutory "innocent owner" exception to forfeiture. The appellate court relied on a Supreme Court opinion which suggested that it "would be difficult to reject" the *constitutional claim* of a property owner who

---

6. *See also United States v. $4,255,000*, 762 F.2d 895, 906–907 (11th Cir.1985) (same burden in forfeiture action under § 881(a)(7)'s companion provision, § 881(a)(6)), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986).

7. This order focuses on the knowledge component of the innocent owner defense because the court's disposition on the knowledge issue renders consideration of the issue of the Taylors' consent to the illegal activity on their property unnecessary.

8. Government Brief in support of motion for partial summary judgment, at 2.

9. The government's brief lists two cases in support of this proposition, but the other, *United States v. One Parcel of Real Estate*, 715 F.Supp. 360 (S.D.Fla.1989), does not support the government's argument, as it finds that under the "innocent owner" exception of § 881(a)(6) the claimant must demonstrate only a lack of actual knowledge. *Id.* at 362.

10. The Florida district court has held similarly in another case. *United States v. One Single Family Residence with Outbuildings*, 894 F.2d 1511, 1513 (11th Cir.1990), *aff'g on other grounds*, 699 F.Supp. 1531 (S.D.Fla.1988) ("We thus treat this case as one involving an innocent owner, as the district court found, and independently review the court's conclusions of law.").

could prove both "that he was uninvolved in and unaware of the wrongful activity" and "that he had done all that reasonably could be expected to prevent the proscribed use of his property." *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 689, 94 S.Ct. 2080, 2094–95, 40 L.Ed.2d 452 (1974). This Supreme Court language concerning the proof required for a constitutional innocent owner claim should not control the interpretation of the explicit, statutory exception of § 881(a)(7) for owners whose property is used illegally without their knowledge. *Cf. United States v. Property Known as 6109 Grubb Road,* 886 F.2d 618, 624–25 (3rd Cir.1989) (discussion of legislative history of § 881(a)(7), demonstrating that standards for proving exceptions to old civil forfeiture statutes should not be imposed on statutory "innocent owner" exception of § 881(a)(7)).

This court agrees with the majority of courts that have interpreted the "innocent owner" exceptions in § 881(a)(7) and its companion provision, § 881(a)(6), to mean that the claimant bears the burden of demonstrating only a lack of actual knowledge of the alleged illegal activity. *See United States v. $10,694.00 U.S. Currency,* 828 F.2d 233, 234 (4th Cir.1987) (§ 881(a)(6));[11] *United States v. Certain Real Property,* 724 F.Supp. 908, 916 (S.D.Fla.1989) (§ 881(a)(7)); *United States v. One Parcel Real Estate,* 730 F.Supp. 423 (S.D.Fla.1989) (§ 881(a)(7)); *One Parcel Real Estate,* 715 F.Supp. at 362 (§ 881(a)(6)).

Although the Eleventh Circuit has not directly addressed the issue, its decision in *United States v. $4,255,000,* 762 F.2d 895 (11th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986), fully supports this conclusion. There, the court found that the identical "innocent owner" defense in § 881(a)(7)'s companion provi-

sion, § 881(a)(6), "turns on the claimant's actual knowledge, not constructive knowledge." 762 F.2d at 906. The court found that the claimant had not demonstrated a lack of actual knowledge and, therefore, did not go so far as to hold that the *Calero–Toledo* standard—requiring a claimant to show that it has done all that reasonably could be expected to prevent the proscribed use of its property—is inapplicable. 762 F.2d at 906 n. 24.[12] However, the court did question even the government's "invocation" of the *Calero–Toledo* standard. The Eleventh Circuit's language and its explicit rejection of a constructive knowledge test under § 881(a)(6) clearly support this court's conclusion that a claimant need only prove a lack of actual knowledge of the marijuana production to establish the innocent owner defense under § 881(a)(7). *See Certain Real Property,* 724 F.Supp at 914–15 (reaching same conclusion after analyzing *Calero–Toledo* and Eleventh Circuit decision in *$4,255,000* ).

Admittedly, two other Eleventh Circuit decisions have adopted the *Calero–Toledo* constitutional standard for proving "innocent owner" status in forfeiture actions. However, in each case the forfeiture was brought under a statute other than § 881(a)(7). The court's decision in *United States v. One 1983 Homemade Vessel Named Barracuda,* 858 F.2d 643, 647 (11th Cir.1988), does not control the outcome of this case because it, like *One 1982 28' International Vessel,* involved a forfeiture action under a statute, 19 U.S.C.A. § 1703(a), that lacked a statutory innocent owner exception. The case of *United States v. One 1980 Bertram 58' Motor Yacht,* 876 F.2d 884 (11th Cir.1989), is closer to this case, as the government brought that forfeiture action under 21 U.S.C.A. § 881(a)(4), which contains a statutory exception to the forfeiture of vehicles.[13] Sec-

---

**11.** The en banc court of the Fourth Circuit overruled a different holding in this case, but specifically stated that it had "no occasion to reconsider" the panel's holding that a claim of innocent ownership is judged by a subjective, that is, actual knowledge, standard. *Case of One 1985 Nissan, 300ZX, VIN: JN1C214SFX069854,* 889 F.2d 1317, 1320 (4th Cir.1989) (en banc).

**12.** The court stated "because we find that [the claimant] failed to meet the "actual knowledge"

standard, we leave for another day the question of the applicability of the *Calero–Toledo* dicta to forfeiture actions under 21 U.S.C. § 881(a)(6)." *$4,255,000,* 762 F.2d at 906 n. 24.

**13.** The court in *One 1980 Bertram 58' Motor Yacht* relied on only *One 1982 28' International Vessel* and *Calero–Toledo* in reaching its conclu-

tion 881(a)(4), however, provides for an exception "by reason of any act or omission established by that owner to have been committed or omitted without the *knowledge, consent, or willful blindness* of the owner." *Id.* (emphasis added). The innocent owner exception of § 881(a)(4), therefore, differs significantly from that of § 881(a)(7) by specifically requiring the owner to prove the absence of "willful blindness." [14]

In *One 1980 Bertram 58' Motor Yacht,* the claimant owner of a yacht had allowed a prospective purchaser in Miami to take the yacht out for a sea trial after the purchaser paid a $50,000 cash deposit. The purchaser was arrested for drug trafficking before the sale could be completed. The court of appeals held that, in these circumstances, if the claimant had truly been an innocent owner "he would have been suspicious of the transaction proposed by [the purchaser] and would have made those inquiries necessary to insure himself that [the purchaser's] intentions were legitimate." 876 F.2d at 889.[15] Although the court does not state which facet of the § 881(a)(4) innocent owner exception it is applying, the court's language indicates that its decision rests on the fact that the claimant did not prove the absence of willful blindness to the purchaser's illegal activities.

### B.

■ Applying the above statements of law, the court must conclude that the Tay-

lors have raised a genuine issue of fact as to whether they had knowledge of the use of their property for illegal drug cultivation. On the one hand, the deputies who executed the search warrant were able to see a few of the marijuana plants from the back of the Taylors' mobile home, and they found marijuana drying in a shed, albeit behind a partition. The Taylors, however, have submitted evidence that they had not walked over the parts of their property where the marijuana was growing and that they did not know about the plants. Their nephew, who actually grew the marijuana, agrees that he took affirmative steps to conceal his drug cultivation from his aunt and uncle. Whether the Taylors actually knew about the marijuana is, therefore, a disputed issue of fact which cannot be resolved by the court on a motion for summary judgment.

### II. FARM CREDIT'S MOTION FOR SUMMARY JUDGMENT

■ The outcome should be different as to Farm Credit's claim to the innocent owner defense. Farm Credit has produced an affidavit attesting to its lack of knowledge or consent, and the government has produced no evidence to the contrary. Under any test, the bank has met its burden of establishing that, to the extent of its interest in the property, it was an "innocent owner."

Farm Credit also argues that its interest in the property is entitled to priority over

---

sion as to the applicable standard for the innocent owner exception to § 881(a)(4). The court did not discuss the possible relevance of the decision in *United States v. $4,255,000,* 762 F.2d 895 (11th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986).

**14.** Congress apparently is considering an amendment to § 881(a)(7) which would require an innocent owner to prove lack of "willful blindness" in addition to lack of knowledge. *United States v. Certain Real Property Known as 890 Noyac Road,* 739 F.Supp. 111 (E.D.N.Y. 1990) (citing 136 Cong.Rec. 6586, 6594 (May 18, 1990)). However, in its current form § 881(a)(7) does not place this burden on an owner contesting a forfeiture.

**15.** The government would not be entitled to summary judgment on the Taylors' claim even

if the court determined that the Taylors did have the burden of showing they had done "all that reasonably could be expected to prevent the proscribed use of [their] property," in addition to showing a lack of actual knowledge. The Taylors have raised a genuine issue of fact as to whether they should have been suspicious enough to inquire into their nephew's activities. *See One 1980 Bertram 58' Motor Yacht,* 876 F.2d at 889; *United States v. One Single Family Residence,* 699 F.Supp. 1531, 1534 (S.D.Fla.1988) (claimant entitled to innocent owner defense under § 881(a)(7) where she showed that "if facts giving rise to a reasonable suspicion of such activity had come to her attention, she would have taken appropriate steps to prevent the proscribed use of the property"), *aff'd on other grounds,* 894 F.2d 1511 (11th Cir.1990).

the government's if the forfeiture action succeeds. The government opposes this contention. In light of the court's holding that the government is not entitled to summary judgment as to the Taylors' claim, the court declines at this point to address the priority of interests in this property that may, or may not, be forfeited after trial.

Accordingly, it is ORDERED that plaintiff United States of America's motion for partial summary judgment, filed February 12, 1990, be and it is hereby denied.

It is further ORDERED that claimant Farm Credit Bank of Texas's motion for summary judgment, filed February 12, 1990, be and it is hereby granted, but only insofar as claimant Farm Credit Bank of Texas is adjudged to be an "innocent owner" of the property at issue in this action to the extent of its interest in that property.