T.C. Memo. 1996-12


UNITED STATES TAX COURT


CHARLES AND MARTHA McHAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 550-92.                    Filed January 22, 1996.


R. Walton Davis III, for petitioner Martha McHan.

Charles McHan, pro se.

Eric B. Jorgensen, for respondent.


MEMORANDUM OPINION

PARR, Judge:  This case is presently before the Court on
petitioner Charles McHan's and petitioner Martha McHan's
(hereinafter sometimes referred to as Charles and Martha,
respectively) separately filed motions for summary judgment

pursuant to Rule 121.[1]  Charles filed his motion on November 20,
1995, followed by the filing of a supplement to his motion on
December 1, 1995, and second supplement to his motion on December
29, 1995 (this motion and the first and second supplement will be
referred to hereinafter as Motion 1).  Martha filed her motion on
December 13, 1995 (this motion will be referred to hereinafter as
Motion 2).  Respondent has not filed an objection to the motions.
However, respondent has filed objections on five different
occasions in response to petitioners' prior motions for
dismissal.[2]  Those motions raised arguments similar to those
raised in the motions presently before the Court.  We do not deem
it necessary for respondent to file an objection.

Respondent determined deficiencies in and additions to
petitioners' Federal income taxes as follows:

| | | Additions to Tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6661 | 6653(b)(1)[1] | 6653(b)(1)(A)[1] |
| 1985 | $329,911 | $82,478 | $164,956 | -- |
| 1986 | 90,590 | 17,409 | -- | $52,226 |

---

[1]     All Rule references are to the Tax Court Rules of Practice and
Procedure, and all section references are to the Internal Revenue Code in
effect for the taxable years in issue, unless otherwise indicated.

[2]     Under Rule 121, when a Motion for Summary Judgment is made and supported
as provided in the Rule, an adverse party may not rest upon mere allegations
or denials in his pleadings, but his response by affidavits or as otherwise
provided in the Rule must set forth specific facts showing that there is a
genuine issue of fact for trial, and if he does not so respond, a decision, if
appropriate, may be entered against him.  Rule 121(d).  However, the opposing
party need not come forth with affidavits or other documentary evidence unless
the moving party makes a prima facie showing of the absence of a factual
issue.  Shiosaki v. Commissioner, 61 T.C. 861 (1974).  Here, we are not
satisfied that the moving party has made a prima facie case.  (See discussion
infra.)

[1] Plus 50 percent of the interest due on the portion of the underpayment attributable to fraud pursuant to secs. 6653(b)(2) and 6653(b)(1)(B) for tax years 1985 and 1986, respectively.

Background

Charles became involved in illegal conduct in the early part of the year 1985.  On September 13, 1990, he was indicted on 17 counts for this illegal conduct.  Charles was charged with various drug trafficking charges, filing of false tax returns, continuing criminal enterprise, and criminal forfeiture.  At trial, Charles pleaded guilty to counts 2 through 6 of the indictment.  The trial proceeded on certain of the other counts, resulting in a jury verdict on July 31, 1992.  The jury found Charles guilty of all counts of the indictment that were considered in the first phase of the trial:[3]  Conspiracy to unlawfully possess with intent to distribute marijuana in violation of 21 U.S.C. sec. 846; possession with intent to distribute marijuana, aiding and abetting[4] in violation of 21 U.S.C. sec. 841(a)(1) and 18 U.S.C. sec. 2; two counts of distribution of marijuana, aiding and abetting in violation of 21 U.S.C. sec. 841(a)(1) and 18 U.S.C. sec. 2; three counts of importation of marijuana, aiding and abetting in violation of 18 U.S.C. secs. 545 and 2; and continuing criminal enterprise in

[3]    The court bifurcated Charles' jury trial, with the substantive criminal charges presented first, to be followed by jury trial on count 17, the forfeiture count.

[4]    Charles was involved with others in the various drug trafficking charges.

violation of 21 U.S.C. sec. 848. Charles was also charged and found guilty on three counts for filing false tax returns for the years 1985 and 1986 in violation of section 7206(1).

Charles was subsequently convicted on the final count and was ordered to forfeit his profits from the illicit activities to the U.S. Government. The District Court found that Charles and the other persons involved in the illegal conduct made profits of $398,430 and $33,240 in 1985 and 1986, respectively, and sustained a loss of $36,000 in 1987. United States v. McHan, No. B-CR-90-41 (W.D.N.C. December 10, 1993). Charles was sentenced to prison, and he is currently still incarcerated.

The deficiencies in question and additions to tax for fraud[5] arise from respondent's determination that petitioners had unreported income due to Charles' sales of illegal drugs, principally marijuana. In their petition, petitioners pleaded that they had no illegal income for the years at issue, and that the notice of deficiency is without merit. Martha filed an amendment to amended petition, in which she pleaded innocent spouse relief under section 6013(e).

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in

---

[5]     The additions to tax for fraud were asserted against Charles.

controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  A motion for summary judgment will not be granted if there is a genuine issue of material fact.  Gulfstream Land & Dev. Corp. & Subs. v. Commissioner, 71 T.C. 587 (1979).  The existence of any reasonable doubt as to the facts will result in denial of the motion for summary judgment.  Hoeme v. Commissioner, 63 T.C. 18, 20 (1974).

Motion 1

In Motion 1, Charles argues that the notice of deficiency is arbitrary and erroneous, and, therefore, not entitled to a presumption of correctness.  Charles asserts that he was a mere conduit or agent and did not have any ownership in the illegal funds or profits.  Furthermore, Charles claims that respondent

has not produced any predicate evidence that supports her determinations. He asserts that respondent's reconstruction of income is incorrect. Specifically, Charles claims that in the source and application of funds prepared by respondent, a source was erroneously listed as an application. Furthermore, he asserts that the starting and ending bank balances were incorrect. Recognizing that his denials and assertions could be considered merely self-serving statements, Charles refers to certain documents, including financial statements, a net worth calculation, and a statement of source and application of funds.

The main thrust of Charles' motion is that respondent has determined a tax liability against Charles which requires him to come into Court and attempt to prove a negative; i.e., that he did not receive unreported income. Charles cites a line of cases wherein the statutory notice was found to be arbitrary and without a presumption of correctness. E.g., Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977); see also Erickson v. Commissioner, 937 F.2d 1548 (10th Cir. 1991), affg. T.C. Memo. 1989-522; Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68. Charles' reliance is misplaced. The cases cited by him do not support the proposition that if a statutory notice of deficiency is found to be arbitrary, then the taxpayer is entitled to a decision as a matter of law. Instead, as we stated in Jackson v. Commissioner, 73 T.C. 394 (1979), what

occurs is that, as a procedural matter, the statutory notice of deficiency is not entitled to the presumption of correctness and, therefore, the burden of going forward with the evidence is on the Commissioner.  See also <u>Dellacroce v. Commissioner</u>, T.C. Memo. 1982-243 (if a statutory notice of deficiency is found to be arbitrary, we will not enter a decision for the taxpayer without weighing the evidence).

Furthermore, the Court's summary judgment procedures are adapted from rule 56(a) and (b) of the Federal Rules of Civil Procedure.  Explanatory Note to Rule 121, Tax Court Rules of Practice and Procedure, 60 T.C. 1057, 1127.  Rule 56 contemplates a summary judgment for a part or all of the claim made in the prayer for relief in the complaint; it does not contemplate a summary judgment on evidentiary matters en route to that relief. 6 Moore, Moore's Federal Practice, par. 56.20 [3.-2], at 56-691 (1995-96).  Because Charles' motion for summary judgment contains arguments pertaining to the shifting of the burden of going forward, it seemingly falls within the ambit of the rule prohibiting summary judgments on evidentiary matters.  Charles' arguments relating to burden of proof and the burden of going forward with the evidence are more appropriately raised in the trial setting; they do not entitle him to summary judgment.

The pleadings establish that there are issues of fact to be decided; e.g., whether petitioners received the illegal profits and, if so, whether Charles fraudulently intended to avoid

payment of income tax on such money.  Cases in which an issue turns on motivation or intent are generally inappropriate for summary judgment, as are those in which the issues turn on the credibility of the affiants.  Conrad v. Delta Airlines, Inc., 494 F.2d 914, 918 (7th Cir. 1974).  Whether petitioners received unreported income from marijuana sales is a factual question necessitating testimony of witnesses, including cross-examination, and the examination of evidence regarding the source and application of funds method of reconstructing income.

Charles' liability for additions to tax for fraud also presents a factual question to be determined by an examination of the entire record.  Mensik v. Commissioner, 328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962).  To establish fraud, it must be shown that the taxpayer acted with a specific intent to evade a tax believed to be owing.  Kotmair v. Commissioner, 86 T.C. 1253, 1259-1260 (1986).

Material facts remain in dispute regarding petitioners' liability for the income tax deficiencies and additions to tax, including the additions for fraud.  See Espinoza v. Commissioner, 78 T.C. 412 (1982); Hoeme v. Commissioner, 63 T.C. 18 (1974).  Accordingly, Charles' motion will be denied.

Motion 2

In Motion 2, Martha argues that she has stated under oath many times that she knew nothing about Charles' involvement in marijuana sales until he was arrested in 1988.  Moreover, Martha

asserts that her argument is supported by the District Court's decision in a forfeiture action with respect to certain real estate owned jointly by petitioners.  The District Court ordered forfeiture as to Charles' interest in the land; however, Martha was found to be an innocent party under Federal civil forfeiture law and entitled to retain her interest in the land.  United States v. 35 Acres in Cherokee County, N.C., No. B-C-88-173 (W.D.N.C. April 6, 1990), affd. 940 F.2d 654 (4th Cir. 1991).

Martha argues that she had no reason to know of Charles' illegal activities.  To this end, Martha makes a number of statements as to petitioners' lifestyle, her education, and her involvement in Charles' business.  Finally, Martha argues that it would be inequitable to hold her liable.  Martha's arguments, as were Charles', are set forth in an array of self-serving statements and assertions.

Section 6013(e) provides that a spouse is relieved from liability for tax where a joint return has been made for a taxable year and on that return there is a substantial understatement of tax attributable to grossly erroneous items of the other spouse, if:  (1) The would-be innocent spouse establishes that she did not know, and had no reason to know, that there was such a substantial understatement; and, (2) taking into account all the facts and circumstances, it is inequitable to hold that spouse liable for the deficiency in tax attributable to the substantial understatement.  Martha has the burden of

proving that she qualifies as an innocent spouse.  See <u>Lessinger v. Commissioner</u>, 85 T.C. 824, 838 (1985), revd. on other grounds 872 F.2d 519 (2d Cir. 1989).

The standard in determining whether a taxpayer had "reason to know" is "whether a reasonable person under the circumstances of the taxpayer at the time of signing the return could be expected to know of the omissions." <u>Shea v. Commissioner</u>, 780 F.2d 561, 566 (6th Cir. 1986), affg. T.C. Memo. 1984-310.  The primary ingredients of this test are (1) the circumstances which face the taxpayer; and (2) whether a reasonable person in the same position would have reason to know that omissions had been made.  <u>Id.</u> at 565-566.  Whether an individual had reason to know of a substantial understatement is generally regarded as a question of fact.  <u>Id.</u>; <u>Estate of Gryder v. Commissioner</u>, 705 F.2d 336 (8th Cir. 1983), affg. T.C. Memo. 1981-466; <u>Ratana v. Commissioner</u>, 662 F.2d 220, 224 (4th Cir. 1981), affg. in part and revg. in part T.C. Memo. 1980-353; <u>Sanders v. United States</u>, 509 F.2d 162, 166 (5th Cir. 1975).  We believe that the facts and circumstances relating to whether Martha knew or had reason to know of the substantial understatement have not been adequately developed such that this issue is proper for summary judgment.

In addition, a genuine issue of material fact remains as to whether it would be inequitable to hold Martha liable for that substantial understatement.  In making a determination of whether it would be inequitable to hold a taxpayer liable for the

substantial understatement, we must take into account all the facts and circumstances. Sec. 6013(e)(1)(D). In addition, Congress has expressed a clear intent that, in making this determination, we consider whether a taxpayer benefited from the erroneous items. H. Rept. 98-432 (part 2), at 1501-1502 (1984). Such a determination is factual in nature. See Sanders v. United States, supra at 170.

Martha would have us decide this issue and grant summary judgment relieving her of liability based on her unverified assertions. However, the issue of whether Martha is an innocent spouse is not ripe for summary judgment. We conclude that there are genuine issues of material fact which should properly be considered at trial.

In her motion, Martha argues that the District Court's decision with respect to the Federal forfeiture claim supports a finding of innocent spouse in the present action. We will briefly discuss the applicability of the District Court action on the current proceeding under the doctrine of collateral estoppel. The District Court action was a Federal civil forfeiture proceeding. The proceeding was based on a cause of action entirely different from that which is present in this case; namely, Charles' liability for Federal income tax under the provisions of the Internal Revenue Code. However, the principles of collateral estoppel may operate to bar the relitigation of a fact which has actually been found in a prior case, even though

the causes of action are different, where the parties are the same or in privity, where the issue is the same, and when there has been no change in the law intervening between the time of the first case and the time of the second.  Montana v. United States, 440 U.S. 147 (1979); Commissioner v. Sunnen, 333 U.S. 591 (1948); Meier v. Commissioner, 91 T.C. 273 (1988); Peck v. Commissioner, 90 T.C. 162 (1988), affd. 904 F.2d 525 (9th Cir. 1990).[6]

The prior forfeiture case before the District Court for the Western District of North Carolina concerned the forfeiture of specific assets.  The District Court made no findings of fact having any relevancy to the instant case in determining the amount of petitioners' taxable income.  The issue of petitioners' taxable income was not before the District Court.  However, the District Court did hold that Martha was an innocent party under 21 U.S.C. sec. 881(a)(7) (1995) (hereinafter the Federal forfeiture law).[7]  Nevertheless, such finding is not dispositive

---

[6]     The Restatement defines collateral estoppel in the following manner: when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.  1 Restatement, Judgments 2d, sec. 27 (1982); see also Meier v. Commissioner, 91 T.C. 273 (1988).

[7]     21 U.S.C. sec. 881(a)(7) (1995) provides for the forfeiture to the United States of the following:

All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot  or tract of land and any appurtenances or improvements,   which is used, or intended to be used, in any manner or  part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited   under this paragraph, to the extent of an interest of an   owner, by reason of any act or omission established by that   owner to have been committed or omitted without the   knowledge or consent of that owner.  [Emphasis added.]

in the instant case because the factual predicate for an innocent party under the Federal forfeiture law is not equivalent to that for an innocent spouse under section 6013(e).

Under the Federal forfeiture law, an owner's interest in real property is exempt from forfeiture on account of any act performed without the knowledge of that owner. 21 U.S.C. sec. 881(a)(7) (1995). This section has been interpreted to employ a subjective rather than an objective standard for assessing the owner's knowledge. United States v. One Parcel of Land Located at 7326 Highway 45 North, 965 F.2d 311 (7th Cir. 1992). 21 U.S.C. section 881(a)(7) does not inquire whether the owner should have known of illegal activities taking place on the property. Id. at 315. Instead, 21 U.S.C. section 881(a)(7) focuses on the owner's actual knowledge. Id.; United States v. Real Property & Improvements Located at 5000 Palmetto Drive, 928 F.2d 373, 375 (11th Cir. 1991); United States v. $10,694.00 U.S. Currency, 828 F.2d 233, 234-235 (4th Cir. 1987); United States v. Four Million Two Hundred Fifty-Five Thousand, 762 F.2d 895, 906 (11th Cir. 1985).

Therefore, 21 U.S.C. section 881(a)(7) does not deal with whether a person had reason to know of illegal activity, nor does it deal with whether it is inequitable to hold such person liable for tax. Accordingly, a finding in a party's favor under the Federal forfeiture law does not preclude a finding that such party is not an innocent spouse under section 6013(e).

For the reasons stated herein, Charles' and Martha's motions for summary judgment are denied.

<u>Appropriate orders will be issued.</u>