T.C. Memo. 1997-139

UNITED STATES TAX COURT

CHARLES McHAN AND MARTHA McHAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 550-92.                    Filed March 18, 1997.

Charles McHan, pro se.

<u>Eric B. Jorgensen</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is
before the Court on petitioner Charles McHan's Motion for

Summary Judgment.[1]  As explained in greater detail below, we shall deny petitioner's motion.

Background[2]

On September 13, 1990, petitioner was charged in a 17-count superseding bill of indictment with various drug trafficking charges, filing false tax returns, engaging in a continuing criminal enterprise, and criminal forfeiture, relating to his involvement in an illegal scheme to distribute marijuana from 1984 to 1988.  Petitioner pleaded guilty in the U.S. District Court for the Western District of North Carolina to a number of the charges and was convicted with respect to the remaining charges in July 1992 following a jury trial.

---

[1]  Although the petition in this case is a joint petition by Charles McHan and his wife, Martha McHan, the latter did not join in the filing of the motion that is the subject of this opinion. Consequently, references to petitioner in the singular are to Charles McHan.  Because petitioner's motion does not address all of the issues to be decided in this case, petitioner's motion is more appropriately viewed as a motion for partial summary judgment.

Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  The following is a summary drawn from the entire record of the relevant facts that do not appear to be in dispute.  These facts are stated solely for purposes of deciding the pending motion.  Fed. R. Civ. P. 52(a); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Additional background discussion can be found in  McHan v. Commissioner, T.C. Memo. 1996-12 (denying petitioner's motion for summary judgment that the notice of deficiency is invalid).  See also United States v. McHan, 101 F.3d 1027 (4th Cir. 1996).

In a Memorandum of Decision and Order entered December 10, 1993, the District Court also entered an order of criminal forfeiture against petitioner in the amount of $395,670.  In reaching its decision on the forfeiture count, the District Court ruled that the Government bears the burden of proof with respect to criminal forfeiture, that the degree of proof is beyond a reasonable doubt, and that the amount subject to criminal forfeiture is limited to the profits as opposed to the gross proceeds from the criminal enterprise.[3]

Petitioner appealed his various convictions and the Government filed a cross-appeal with respect to the District Court's holding limiting the amount of the criminal forfeiture to petitioner's profits from the enterprise.  In United States v. McHan, 101 F.3d 1027 (4th Cir. 1996), the U.S. Court of Appeals for the Fourth Circuit affirmed petitioner's convictions but reversed the District Court on the ground that the amount subject to criminal forfeiture extends to the proceeds from a criminal enterprise.

Previously, on November 15, 1991, respondent issued a notice of deficiency to petitioners determining deficiencies in and additions to their taxes for 1985 and 1986 as follows:

---

[3]  The District Court found that the proceeds from petitioner's criminal activities totaled $1,252,700, but that petitioner's gross profits were only $395,670 after accounting for the cost of goods sold and the share of the proceeds distributed to petitioner's partner.

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) |
| 1985 | $329,911 | $164,956 | 50% of interest due on $305,762 | --- | --- |
| 1986 | $90,590 | --- | --- | $52,226 | 50% of interest due on $69,635 |

The notice of deficiency includes an explanation of the adjustments which states in pertinent part:

> 1(A)  It is determined that you received unreported income in the amounts of $1,311,670.00, $252,800.00 and $266,400.00, which was not reported on your income tax return for the years 1985, 1986, and 1987, respectively.  Therefore, your taxable income is increased in the amounts of $1,311,670.00, $252,800.00 and $266,400.00 for the tax years ended December 31, 1985, December 31, 1986, and December 31, 1987, respectively.

> 1(B)  It is determined that you are allowed the cost of sale of drugs in the amounts of $689,410.00, $159,525.00 and $65,490.00 for the years 1985, 1986, and 1987, respectively.  Therefore, your taxable income is decreased in the amounts of $689,410.00, $159,525.00 and $65,490.00 for the tax years ended December 31, 1985, December 31, 1986, and December 31, 1987, respectively.

> 1(C)  It is determined that you are allowed a net operating loss carryback in the amount of $0.00 rather than $122,352.00 and $180,687.00 as reported on your tax return for the years 1985 and 1986, respectively.  Therefore, your taxable income is increased in the amounts of $122,352.00 and $180,687.00 for the tax years ended December 31, 1985 and December 31, 1986, respectively.

The notice of deficiency states that the 1987 year is included in the notice for information purposes only.

Petitioners invoked the Court's jurisdiction by filing a timely imperfect petition for redetermination, followed by an amended petition.[4]

Petitioner now moves for summary judgment with respect to the following issues:  (1) The addition to tax for substantial

---

[4]  At the time that the petition was filed, petitioner was incarcerated in Estill, South Carolina.

understatement under section 6661 for 1985 is computed based upon 10 percent of the underpayment as opposed to the 25-percent rate used in the notice of deficiency; (2) respondent is collaterally estopped in this case from litigating a second time the issue resolved by the District Court in petitioner's criminal case concerning the amount of petitioner's profits from his illegal activities; (3) petitioner is not required to substantiate the amount of the net operating loss (NOL) reported in his 1987 tax return and carried back to 1985 and 1986 on the ground that the period of limitations with respect to 1987 has expired; (4) the NOL that petitioner reported in his 1987 tax return accrued on December 31, 1987; and (5) consistent with the holding of the District Court in the criminal case, petitioner did not earn profits from his criminal enterprise in 1986 and 1987.

Respondent filed an objection to petitioner's motion. In particular, respondent contends that she properly computed the addition to tax under section 6661 based upon 25 percent of the underpayment (rather than 10 percent) because the 1986 amendment to section 6661 increasing the rate from 10 percent to 25 percent is effective with respect to assessments made after enactment of the amendment. In addition, respondent maintains that petitioner's motion should be denied to the extent that petitioner asserts that respondent is barred by the doctrine of collateral estoppel from contesting the District Court's findings in the criminal case inasmuch as the District Court's decision

was reversed.[5]  Respondent further contends that, because she disallowed the NOL carrybacks that petitioner claimed for the years in issue, petitioner is required to substantiate the NOL reported in his 1987 tax return notwithstanding whether the period of limitations for 1987 has expired.  Assuming that petitioner can substantiate the NOL for 1987, respondent would agree that the NOL accrued no later than December 31, 1987.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  <u>Florida Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law".  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue

---

[5]  Respondent also contends that petitioner failed to properly plead collateral estoppel.  See Rule 39.  To the contrary, petitioner was granted leave to, and filed an amendment to the petition on Dec. 20, 1996, which includes allegations in support of petitioner's contention that the doctrine of collateral estoppel is applicable in this case.

of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

1. Computation of the Additions to Tax Under Section 6661

Section 6661, originally added to the Code by section 323(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 613, provides for an addition to tax if there is a substantial understatement of tax liability for any taxable year. Section 6661 was amended in the Omnibus Budget Reconciliation Act of 1986 (OBRA), Pub. L. 99-509, sec. 8002(a), 100 Stat. 1874, 1951, by increasing the rate at which the addition to tax is computed from 10 percent to 25 percent of the amount of the underpayment.[6] OBRA section 8002(b) provides that the amendment to section 6661 is applicable to penalties assessed after the date of enactment of the Act, i.e., October 21, 1986.

Considering the effective date of the amendment to section 6661, petitioner's assertion that a 10-percent rate should be applied to compute the additions to tax is incorrect. The additions to tax that respondent determined in the notice of

---

[6] The Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(b), 100 Stat. 1951, included a repeal of an amendment to sec. 6661 included in the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1504(a), 100 Stat. 2085, 2743, which amended sec. 6661 to increase the rate on which the addition to tax is computed from 10 percent of the underpayment to 20 percent of the underpayment. See Pallottini v. Commissioner, 90 T.C. 498, 501-503 (1988).

deficiency have not been assessed, and may not be assessed until the decision in this case is final. Sec. 6213(a). Because the amendment to section 6661 set forth in OBRA is effective with respect to assessments made after October 21, 1986, it follows that the additions to tax at issue in this case will be computed based upon 25 percent of the underpayment, if any. See DiLeo v. Commissioner, 96 T.C. 858, 878 (1991), affd. 959 F.2d 16 (2d Cir. 1992) (rejecting the taxpayers' contention that the OBRA amendment to section 6661 violates the ex post facto clause of the U.S. Constitution). The question of petitioner's liability for the additions to tax under section 6661 is a factual matter that will be decided at trial.

## 2. Collateral Estoppel

Under the doctrine of collateral estoppel, or issue preclusion, a final judgment on the merits in a prior lawsuit precludes, in a later lawsuit involving a separate cause of action, litigation of issues actually litigated and necessary to the outcome of the first action. See United States v. Mendoza, 464 U.S. 154, 158 (1984); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979); Meier v. Commissioner, 91 T.C. 273, 283 (1988); Amos v. Commissioner, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). In Meier v. Commissioner, supra at 283-286, we held that collateral estoppel may be utilized in connection with matters of law, matters of fact (whether ultimate facts or evidentiary facts), and mixed matters of law and fact. However,

it is well settled that the doctrine of collateral estoppel does not apply where the degree of proof in the earlier proceeding is higher than the degree of proof in the later proceeding.  See Helvering v. Mitchell, 303 U.S. 391 (1938); Neaderland v. Commissioner, 52 T.C. 532, 541-542 (1969) (acquittal on charge of criminal tax fraud does not estop the Commissioner from later attempting to prove the taxpayer's liability for civil tax fraud), affd. 424 F.2d 639 (2d Cir. 1970).

Consistent with the preceding discussion, it is evident that petitioner's reliance on the doctrine of collateral estoppel is misplaced.  The District Court's findings respecting the amounts of petitioner's proceeds and profits from his illegal activities do not work an estoppel in the present action because the Government was required to prove its criminal forfeiture case beyond a reasonable doubt, whereas petitioner bears the burden of proving the amount of his taxable income for the years in issue in this civil proceeding by a preponderance of the evidence.

3. Substantiation of Net Operating Loss

Petitioner contends that, because the period of limitations has expired with respect to the 1987 taxable year, the Court should find as a matter of law that petitioner is not required to substantiate the NOL reported in his 1987 tax return and carried back to the taxable years 1985 and 1986.  We disagree.

Section 6214(b) provides in pertinent part:

(b) Jurisdiction Over Other Years and Quarters.--
The Tax Court in redetermining a deficiency of income
tax for any taxable year * * * shall consider such
facts with relation to the taxes for other years * * *
as may be necessary correctly to redetermine the amount
of such deficiency, but in so doing shall have no
jurisdiction to determine whether or not the tax for
any other year * * * has been overpaid or underpaid.

In sum, the Court may consider facts relating to taxes for years
that are not otherwise within the Court's jurisdiction where
necessary correctly to redetermine the amount of the tax
deficiency for any year properly before the Court.

It is well settled that in redetermining the amount of a
deficiency for a taxable year before the Court, we may determine
the correct amount of a NOL carryover or carryback claimed with
respect to the year in issue, notwithstanding that the loss
arises in a year that is not within the Court's jurisdiction and
for which the period of limitations has expired. Phoenix Coal
Co. v. Commissioner, 231 F.2d 420 (2d Cir. 1956), affg. T.C.
Memo. 1955-28; Calumet Indus., Inc. v. Commissioner, 95 T.C. 257,
274-275 (1990). This is true even if it would involve
recomputing the tax liability in the other year to determine
whether a loss would be carried over or back. See State Farming
Co. v. Commissioner, 40 T.C. 774, 782-783 (1963); see also Hill
v. Commissioner, 95 T.C. 437, 441-442 (1990), and cases cited
therein.

The notice of deficiency in this case explains that
respondent disallowed the NOL carrybacks that petitioner reported

for 1985 and 1986.  Consistent with the principles discussed above, it follows that petitioner is required to substantiate the amount of the NOL that he reported in his 1987 return and then carried back to 1985 and 1986.  See O'Connor v. Commissioner, T.C. Memo. 1992-544.

Respondent concedes that, if petitioner substantiates the NOL reported in his 1987 return, the NOL accrued no later than December 31, 1987.  In light of our holding that petitioner must substantiate the NOL reported in 1987, we see no reason to consider the matter further.

In sum, we shall deny petitioner's Motion for Summary Judgment.  To reflect the foregoing,

An order will be issued
denying petitioner's Motion
for Summary Judgment.